**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-30567
Summary Calendar
_____

BARRY GEORGE McBRIDE,

Plaintiff-Appellant,

VERSUS

CHARLES C. FOTI, JR., ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
93 CV 775 L/F

_____

June 23, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Barry McBride appeals the adverse judgment in his civil rights suit against the Criminal Sheriff of Orleans Parish and several of his employees. We affirm, but in some cases for reasons different from those of the district court.

We first note that although Appellant sued Captain William Short, Michael R. Geerken, Chief Gary Bordelon, J. D. Smith, Dr. Truman Mays and Dr. Little, he has stated no claim whatsoever

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

against any of them for he has alleged no causal connection between what he complains of and these defendants. Dismissal as to them is affirmed.

We next note that Appellant alleges that he was incarcerated as a pretrial detainee. Yet he argued in the trial court, and he does so here, that he is entitled to the protection afforded by the Eighth Amendment. The Magistrate Judge applied that standard as did the district judge. This standard applies to convicted persons. However, we conclude that the error, if any, was harmless because no claim has been stated under that standard nor under the lesser standard applicable to pretrial detainees. There is absolutely no evidence that any condition complained of, assuming they existed, was imposed for a punitive purpose or with punitive intent. Cupit v. Jones, 835 F. 2d 82 (5th Cir. 1987).

McBride's first contention is that he was subjected to inhumane conditions while incarcerated at Central Lockup. However, he offered no evidence whatsoever as to this period of his incarceration. Additionally, the evidence offered by the Defendants, and accepted by the fact-finder, conclusively shows that there were no adverse conditions of confinement created by Central Lockup officials for a punitive purpose or with punitive intent. We note also that the record does not show that Central Lockup is under the Sheriff's jurisdiction.

Appellant's evidence showed that while he was housed at the House of Detention (and perhaps elsewhere) support stockings were prescribed several times for his varicose vein condition but were

2

never provided. The district court concluded that the provision of elasticized bandages was an adequate substitute, and the record supports that conclusion.

Finally McBride makes several claims concerning being housed in a psychiatric ward for a time, and about the medication administered to him there. The physician who prescribed the medication is not a defendant. Appellant's testimony on this issue was flatly contradicted by the records of the institution and the testimony of the medical staff. The Magistrate Judge credited that testimony over the unsupported testimony of Appellant and the record supports that determination. No constitutional violation has been shown.

AFFIRMED.